* The action standing over to this term for advisement, the opinion of the Court was now delivered by
Parker, C. J.
(After briefly stating the writ and pleadings.) The several pleas made by the defendants show the nature of the defence intended to be relied on ; and the general question presented is, whether this suit for a new execution can be maintained, in order to restore to Brigden the value of the land which he has lost by reason of the non-payment of the debt for which it was taken in satisfaction.
The defendants would contend, that a suit upon the probate bond would not lie for the use of any person, but those who come within the description of the statute which regulates the proceedings upon probate bonds, namely, creditors who have obtained a judgment at law for their debts, or an order of distribution in case of insolvency, or legatees who have made a demand of their legacies ; or unless a suit has been brought for waste, and judgment recovered thereon It is very clear, that Brigden does not make his claim good in either *297 of these ways ; and, if it is necessary that he should, he has no remedy ; notwithstanding he has suffered the loss of valuable property, by the negligence or wilful refusal of the executor to perform the condition of the bond, by paying the debts of the testator.
But, upon examination of the statutes, we are satisfied, that the present suit may be maintained for the use of Brigden, upon the facts alleged in the pleadings. The condition of the bond being broken, as is established by the judgment thereon, all those who can establish a direct interest in that condition will have a right to recover their damages out of the penalty, which, by the judgment, is to stand as security for those who may be prejudiced by the non-payment of the debts of the testator. Certainly, none can have a more direct interest in the bond than Brigden ; who, if the condition had been performed, would have had an indefeasible estate in the land devised to him, which * estate has been defeated altogether, because the condition was not performed.
By the statute of 1783, c. 24, § 17, executors are required to give a bond, with condition to return upon oath a true and perfect inventory, and to render an account, in the same manner as administrators are required by law to do. But, if such executor should be residuary -egatee, the condition of the bond is to be, that he pay the debts and legacies of the testator. Such was the bond given by the executor in the case before us.
By the statute of 1786, c. 55, § 1, it is provided, that, whe i it shall appear, upon a hearing in Chancery upon an administration bond, for whose particular use and benefit the money for which execution issues is to enure, judgment shall be rendered for the plaintiff, who is always the judge of probate, to have execution for such part of the penalty for the use of such person ; and he-is to take out execution, and deal with it in the same manner as if he were plaintiff of record in the suit. Although this provision might seem to relate only to bonds given by administrators, yet it undoubtedly relates also to bonds given by executors. By this section there can be no doubt, but, after the judge of probate has obtained judgment on the bond for a breach of the condition, the Court may award execution to any one who shall satisfactorily prove, that he was entitled to an indemnity out of the penalty of the bond.
By the second section of the same statute, it is further provided, that, if the suit is instituted at the request of a creditor, he must first have his debt or damages ascertained by a judgment of court, and have made a demand therefor ; and, if the estate be insolvent, he must produce an order of distribution, and also have made a demand of his dividend. When the suit is brought at the suit of an heir, for his share of the personal estate, he must exhibit a decree of the *298 judge of probate, ascertaining the sum he is entitled to, and he must also have made a demand^
* The inference drawn by the counsel for the defendants from these special provisions is, that a.party, whose claim is not of a nature to be ascertained in one or other of the above-mentioned ways, can have no benefit from a judgment upon the probate bond. But we apprehend, that it was not the intention of the legislature to leave other persons, equally interested in the estate of the deceased, wholly without remedy. No provision is made in this section for a legatee ; and yet the bond of an executor is taken specially for his security ; nor is any provision made for a case like the one at bar, where a specific devise is taken away in consequence of the failure of an executor to do his duty.
The inference drawn by us is, that all the cases of a direct interest in the bond are comprehended under the first section of the statute, and the sum due is to be ascertained by the Court in the usual way ; and that it is only to the cases specially provided for by the second section, that the mode of adjustment there provided is to apply ; and it may also be doubted, from the preamble to. the second section, whether the process there prescribed is not to be considered as directory only in the particular cases there specified ; and not as the condition upon which persons interested in the bond may obtain a remedy. The same may be said of the demand required by that section, as a prerequisite to the sustaining of the suit. In the case before us, which is to be governed by the first section, no demand was necessary. Judgment of forfeiture having been heretofore rendered, the sum due must be ascertained by the Court, so that a demand before the suit would have been wholly useless.

Replications adjudged good.