## PERKINS, APPELLANT *v.* PERKINS, APPELLEE.

On an appeal from the decree of a probate court in the settlement of an administrator's account, some of the heirs of the intestate became parties, appellees of record. The original administrator having died and his account being presented by his administratrix :

It was held that one of the heirs who had so become party, was not a competent witness, unless the administratrix elected to testify.

Where the administrator of a widow, who was entitled to a revolutionary pension, received arrears of pension due at her death, and which by law was for the benefit of her children, it was held that this money was in no sense assets in his hands for the payment of debts or the general expenses of administration, but was held by him as administrator in trust for the children.

And it was also held that a special decree should be made, charging the administrator with the money so received, deducting therefrom the expenses attending it, and providing that it should be paid directly to the children of the intestate, with a view to a remedy upon the administration bond.

It was also held that any person who has a direct interest in the discharge of the administrator's duties, has an interest in the obligation by which the performance of those duties is secured, although he may be neither creditor, legatee nor heir.

The questions arise upon the settlement of an administration account in the probate court, and the facts sufficiently appear in the opinion.

*Minot and Mugridge*, for *appellant*.

*Stevens & Vaughan, and I. A. Eastman*, for *appellee*.

BELLOWS, J. This is an appeal from a decree of the judge of probate for the county of Belknap, charging the administrator of Elizabeth Perkins with certain moneys received by way of pension. The administrator was Peter Perkins, now deceased, and his account was presented by Mary Ann Perkins, the administratrix of Peter Perkins and the administratrix *de bonis non* of Elizabeth Perkins, and, from this decree so charging these moneys, the said Mary Ann Perkins has appealed to this court.

The appeal is entered as against the estate of Elizabeth Perkins; and Hannah P. Brown, Sally Perkins and Lydia Batchelder, part of the heirs at law of the deceased Elizabeth Perkins, appear on record as parties in interest to sustain the decree.

The cause having been committed to a master to report the facts to the court, the appellees offered, as a witness, the said Hannah P. Brown; but, as the administratrix did not elect to testify, the master declined to admit her as a witness; and the question is, whether he rightly so declined.

By the law of 1858, a party is not allowed to testify when the adverse party is an executor or administrator, unless said executor or administrator elect himself to testify as a witness. If, then, Hannah P. Brown is to be regarded as a party to this cause, she was not a competent witness under the law of 1858, unless the administratrix elected to testify; and we think it quite clear that she is a party within the meaning of that statute.

By the record she appears to be one of the parties in interest, and the reasons, on which the exception in the statute is founded, apply in their full force to her. She is substantially a real party, and, as such, her interest would be recognized and protected by the court, as in the

case of suits in the name of a nominal plaintiff; or where a third person is admitted to appear and defend in the name of the defendant of record.

In such cases, the admissions of the real party may be given in evidence the same as if he was the party of record. *Carlton* v. *Patterson*, 2? N. H. 587. So, in *Barker* v. *Remick*, 43 N. H. 235, it was held that the provision of our statute, making it the duty of the coroner to serve writs when the sheriff is a party, applies to cases where he is the real party, although not the party of record.

The provision which empowers a commissioner of insolvency to examine a creditor on oath if he deems it expedient, (Comp. Stat. chap. 171, sec. 6) does not apply to this case; and if it did, it would be a matter of discretion in the master with which this court would not interfere. *Moore* v. *Taylor*, 44 N. H. 370.

Our conclusion, therefore, is that the master was right in rejecting the testimony of Hannah P. Brown.

The remaining question is, whether the said Peter Perkins should, as administrator of Elizabeth Perkins, be charged in his account with money received by him in that capacity as pension, to which the said Elizabeth was entitled under the laws of the United States, as the widow of a revolutionary pensioner. The said Elizabeth died in 1842, and her said administrator received $106.08 for arrears of pension due at her death, upon a certificate before issued, and $1689.14, August 9th, 1852, upon a certificate obtained afterwards, entitling him to receive that sum as such administrator, the same having been due the said Elizabeth as the widow of the said revolutionary pensioner.

By the act of June 19th, 1840, (U. S. Statutes at Large, ch. 39) it is provided, that, in case any male pensioner shall die leaving children but no widow, the amount of pension due to such pensioner at the time of his death, shall be paid to the executor or administrator on the estate of such pensioner, for the sole use and exclusive benefit of the children, to be by him distributed among them in equal shares; and the same shall not be considered as a part of the assets of said estate, nor liable to be applied to the payment of the debts of said estate in any case whatever. Section 2 provides that, in case any pensioner who is a widow shall die leaving children, the amount of pension due at the time of her death shall be paid to the executor or administrator for the benefit of her children, as directed in the foregoing section. And the third section provides that, in case of the death of any pensioner, whether male or female, leaving children, the amount of pension may be paid to any one, or each of them, as they may prefer without the intervention of an administrator.

This law appears to have been in force at the death of Elizabeth Perkins, and also when the money in question was received; and, under it, it is clear that the money received by the administrator is in no sense assets of the estate, or liable to be applied to the payment of any of its debts, or the expenses of administration, but is received by him merely in trust for the children, if they do not elect to receive it themselves; and to them he is accountable at once, without going through a

course of administration; and, accordingly, in *Fogg v. Perkins*, 19 N. H. 101, it was decided that the children could maintain against the administrator actions for money had and received, each for his share.

The counsel for the appellees contends that a special decree should be entered, charging the administrator with this money to hold in trust for the children; and the object apparently is to enable them to resort to his administration bond; at least, such might be the effect.

Upon a careful consideration of this question, we are of the opinion that such special decree should be made, charging the administrator with the amount received by him, deducting the expenses attending it, so that the estate should be exposed to no burden; but providing that the amount should be paid directly to the children of the said Elizabeth Perkins without being subject to any charge for the general expenses of the administration or to the payment of the debts of the estate. In this way the children of Elizabeth Perkins may have a remedy apon the administration bond of her administrator, Peter Perkins, and we think it ought to be so. The money was received by him as her administrator, and within the scope of his authority as such. As such he was entitled by law to receive it, unless the children had elected to receive it without his intervention. It came into his hands, then, by virtue of his appointment as administrator, and it became his duty, after deducting the necessary expenses of obtaining it, to pay it over to the children.

By the terms of his official bond he was bound, among other things, to administer the estate according to law, and to pay and deliver the estate remaining on the settlement of the administration account, to such persons as the court of probate shall limit or appoint. By the law he was clearly bound to pay this money to the children of the deceased; that is expressly so settled in *Fogg v. Perkins*, 19 N. H. 101, before cited, and we can see no reason for holding that he shall not be liable on his bond, without which he could not have received the appointment, and could have acquired no right to receive the money at all.

The object of this bond was to secure the faithful performance of *all* his duties as administrator, and it is obvious that the application of this money to his own private use must be a breach of his official duty. It is true that this fund cannot be reckoned among the general assets of the estate, but it is equally true that he received it only by virtue of his appointment as administrator, and as such he must account for it.

The sureties in an administration bond are not liable for moneys received by their principal unless they are within the general scope of their official duties; as if the administrator of a solvent estate receives the rent of real estate, in which case it is holden that the sureties are not liable for it; *Gregg, app't v. Currier, app'ee*, 36 N. H. 200; or if the assets do not legally come to the administrator's hands; *Ennis v. Smith*, 14 How. U. S. Rep. 400–416; even although the administrator charges himself with such receipts; *Harker v. Irick*, 2 Stock. N. J. 269. But, for moneys received within the scope of his official duties they are liable and this is the doctrine of *Gregg, appellant v. Currier*, before cited.

In *Judge of Probate* v. *Heydock*, 8 N. H. 491–498, it was decided that the sureties in an administration bond were liable for the proceeds of lands in another State, which their principal, who had taken an ancillary administration there, had sold and charged himself with the avails in this State.

In *Paine* v. *Gill & al*, 13 Mass. 364, it was held that all who can establish a direct interest in the condition of an administration bond will have a right to recover their damages out of the penalty. In this case there had been a suit on the bond, and a breach confessed, and the plaintiff brought *scire facias* to obtain execution for the amount of his claim, which was for the value of a tract of land devised to him, and which was taken to pay a debt which, but for unfaithful administration, might have been paid out of the personal estate, and execution was awarded. So, when an administrator disposed of partnership property with the assent of the surviving partner, it was held that he became chargeable with the proceeds, and his sureties were liable for the whole amount so received. *People* v. *White*, 11 Ill. 341.

It is obvious, from the principles established in these cases, as well as from the nature of the undertaking, that the bond is designed to secure the faithful administration of the estate ; and any person who has a direct interest in the discharge of the administrator's duties, has an interest in the obligation by which the performance of those duties is secured, although he may be neither creditor, legatee nor heir. Nor is it an objection that the fund here is no part of the assets of the estate. In many cases it must necessarily be so ; as where funds having an ear mark were held by the testator in trust for another, and as such come into the hands of the administrator.

It is true, it has been decided, that in a case like this the children might maintain an action at once against the administrator, without waiting for any decree of the probate court, as in *Fogg* v. *Perkins*, 19 N. H. 101, before cited ; and so it is in the case of a legacy, where the administrator has assented to it.

With these views, we think there should be a special decree charging the administrator, Peter Perkins, with the sums received from the United States by him as the administrator of Elizabeth Perkins, for arrearages of pension due to her, after deducting the expenses of obtaining it, with interest upon it after one year from the time it was received, reckoned at five per cent. with annual rests.