1823.

COGGESHALL
v.
PELTON.

COGGESHALL and others, *Trustees of New-Rochelle,* *against* PELTON and others.

A legacy of a sum of money to the town of *New Rochelle,* for the purpose of erecting a town house, for transacting town business, is valid as a charitable bequest.

*July* 21st.

WILLIAM HENDERSON, by his last will, dated *January* 16, 1812, among other legacies to individuals and for charitable purposes, bequeathed as follows : " I give and bequeath unto the town of *New-Rochelle* 1200 dollars, for the express purpose of building or erecting a town house in said town, for transacting town business, which sum I direct my executors to pay unto such persons as said town shall appoint to receive it, at a legal town meeting ; they first giving my executors security, that the said sum shall be appropriated immediately, agreeably to the intention of my will ; and until such security is given, I direct my executors not to pay the said sum." And he appointed the defendants his executors. At a legal town meeting of the freeholders and inhabitants of *New-Rochelle,* on the 2d of *April,* 1816, the plaintiffs were appointed commissioners to build a town house for the town ; and, to remove the doubts entertained by the defendants, as to the safety of paying the plaintiffs the legacy, the plaintiffs were empowered to petition the Legislature for an act authorizing them to receive it. On the petition of the plaintiffs, an act was passed, *April* 11, 1817, authorizing the plaintiffs, naming them as trustees duly elected and appointed by the town of *New-Rochelle,* to receive from the executors of *William Henderson,* deceased, such sum or sums of money, as by the last will of the said *W. H.* is given and bequeathed to the town of *N. R.* Adequate security was offered to the executors, who, under the advice of counsel, declined paying the legacy to the plaintiffs, except under the direction

of this Court. An amicable bill was accordingly filed, and an answer put in, submitting the question to the Court.

*T. A. Emmet,* for the plaintiffs, contended, that this was a valid legacy. If any doubt existed, as to the want of certainty as to the legatee, that doubt was removed by the act of the Legislature. But there was no ground for the doubt; the decisions of the Supreme Court, in *Jackson* v. *Cory,* (8 *Johns. Rep.* 385.) and *Hornbeck* v. *Westbrook,* (9 *Johns. Rep.* 73.) related to real estate, and do not apply to a pecuniary bequest. Even in the case of real estate, a conveyance to a person capable of taking as a trustee, would be valid; and there is no such uncertainty as would prevent a Court of equity from enforcing the trust. And if it were necessary to resort to trustees in this case, the executors themselves were made trustees for that purpose, by the will, which required them to take security, and not to pay the legacy until adequate security was given. Until such security was given, the executors had the legal ownership for the benefit of the town. Indeed, if it were necessary, this Court would provide a trustee. The bequest was for a public and beneficial purpose. In *Jones* v. *Williams,* (*Ambler,* 651.) there was a bequest of a sum to be raised by the sale of lands, to be applied to the construction of water works, for supplying the town of *C.* with spring water, for the use of the inhabitants. The devise was held void within the statute of mortmain, because it was to arise out of land; but Lord Chancellor *Camden* defined a charity to be, " a gift to a general public use, which extends to the poor as well as the rich;" many instances in the statute of 43 *Eliz.* carrying this idea, as for building bridges, &c. Where the legacy is merely pecuniary, it has been supported in cases far more vague and uncertain than the present. Thus, in the *Attorney General* v. *Clarke,* (*Ambler,* 422.) the legacy was to the poor inhabitants of *St. Leonard's Shoreditch*; and though it was objected that the bequest

1823.

COGGESHALL
v.
PELTON.

was void, for uncertainty in the description of the persons to take, yet Sir *Thomas Clarke*, Master of the Rolls, gave his opinion in favour of the charity, and said that the Court had done so in many cases, where the expressions were much more general and uncertain.

*Dyckman*, for the defendant, contended, that the town of *New Rochelle*, not being a corporation, were not a person capable of taking the bequest, and it must, therefore, be void, for uncertainty. As to its being a *public charity*, and, therefore, to be supported, it did not come within the definition of Lord *Camden;* for the use of a town house to transact town business, is confined to the town officers, and such inhabitants as have a right to vote at town meetings. It is not open to all, to the poor as well as the rich. Before a building can be erected, ground must be purchased for its site; admitting that the town could purchase and hold land, and were bound to pay money for the purpose, and thus, in the commencement, to impose a charge on the inhabitants, it is not a public charity, for the convenience of the poor as well as the rich. Again; if the house was erected, there would necessarily be a charge on the inhabitants to keep it in repair; but the town has no authority, by law, to raise money for such purposes. Even if the legacy were valid, the plaintiffs have no power to sue for it, nor can the town confer that authority upon them.

THE CHANCELLOR. The pecuniary legacy, in this case, to the town of *New-Rochelle, for the purpose of erecting a town house for transacting town business,* is valid as a charitable bequest. The cases of the *Attorney General* v. *Clarke,* (*Amb.* 422.) and of *Jones* v. *Williams,* (*Amb.* 651.) show, that bequests with descriptions and purposes as general as this, have been held good as charities. The object of this legacy, was a general public use, as convenient for the poor and the rich.

The defendaants are accordingly directed to pay the legacy to the plaintiffs, who are authorized, by statute, to receive it, provided security is given, as required by the will, to be approved of by a master.

Decree accordingly.