JAMES B. DASCOMB and others

*vs.*

ERASTUS W. MARSTON and others.

Somerset.    Opinion March 2, 1888.

*Equity practice.    Will.    Legacy.    Income.*

When a cause is set down to be heard on bill and answer the plaintiff waives his replication and the answer must be taken as true.

The legacy of a specified sum " the income only to be expended annually," by the legatee, is an absolute legacy.

A testator bequeathed two hundred thousand dollars to the American Baptist Home Mission Society; "one-half of which is to be applied in aid of freedmen's schools (other than the Wayland Seminary)," and he also bequeathed fifty thousand dollars to the Wayland Seminary of Washington. *Held*, that the whole legacy consisting of $250,000 should be paid to the mission society, it appearing that the Wayland Seminary is a school established and maintained by said mission society.

A legacy to certain trustees, "to be appropriated at their discretion in founding a free public library," in a town named, is valid.

A bequest to a town for the worthy and unfortunate poor, one-half of the income of the same to be expended by a woman's aid society formed for that purpose," is valid, whether such a society exists or not.

ON report.

Bill in equity by the executors of the will of Abner Coburn to obtain a construction of the following clauses in the will and codicil.

(Will.)

" Third.    I give and bequeath to the Maine State College of Agriculture and Mechanic Arts, one hundred thousand dollars, the same to be funded, and the income only to be expended annually.

" Fourth.    I give and bequeath to Colby University, two hundred and fifty thousand dollars, one hundred and seventy-five

thousand dollars of which to be funded, and the income only to be expended annually.

"Fifth.  1 give and bequeath to the American Baptist Home Mission Society, two hundred thousand dollars, one-half of which to be applied in aid of Freedmen's schools (other than the Wayland Seminary).

"Sixth.  I give and bequeath to the Wayland Seminary at Washington City, in memory of my deceased sister, Fidelia C. Brooks, late missionary to Africa, and Mary A. Howe, late teacher in the Seminary, fifty thousand dollars.

"Fourteenth.  I give and bequeath to the trustees of Bloomfield Academy, to be appropriated at their discretion in founding a free public library in the town of Skowhegan, thirty thousand dollars.  .  .  .

"Fifteenth.  I give and bequeath to the town of Skowhegan, for the worthy and unfortunate poor, and to save them from pauperism, to be funded, and one-half of the income of the same to be expended by a Woman's Aid Society, formed for that purpose, twenty thousand dollar s."

(Codicil.)

"First.  Whereas by my said will I did give and bequeath to Colby University the sum of two hundred and fifty thousand dollars, now I do hereby revoke the said legacy, and do give and bequeath to the said Colby University the sum of two hundred thousand dollars, one hundred and fifty thousand dollars of which to be funded, and the income only to be expended annually.

"Second.  And whereas by my said will I did give and bequeath to the Maine Insane Hospital the sum of one hundred thousand dollars, now I do hereby revoke said legacy and do give and bequeath to the said Insane Hospital the sum of fifty thousand dollars, the income only to be expended annually."

*Edmund F. Webb* and *Appleton Webb*, for the executors.

Extrinsic evidence admissible to aid in construing devises. *Howard* v. *Am. Peace Soc.* 49 Maine, 288 ; *Standen* v. *Standen*, 2 Ves. Jr. 589 ; *Selwood* v. *Mildmay*, 3 Ves. Jr. 306.

Real and personal property may be disposed of by will. R. S., c. 74; *Deering* v. *Adams*, 37 Maine, 269.

Intent of testator controls. *Cotton* v. *Smithwick*, 66 Maine, 367; *Simpson* v. *Welcome*, 72 Maine, 499; *Tappan* v. *Deblois*, 45 Maine, 122; *Du Bois* v. *Ray*, 35 N. Y. 162; Charitable Will; Statutes of Elizabeth: Story, Eq. Jur. § § 1137–1140; *Preachers' Aid Soc.* v. *Rich*, 45 Maine, 553; *McGill* v. *Brown*, Brightly, 346; *Greene* v. *Dennis*, 6 Conn. 293; *Am. Bib. Soc.* v. *Wetmore*, 17 Conn. 182; *Bartlet* v. *King*, 12 Mass. 537; *Old South Soc.* v. *Crocker*, 119 Mass. 1; 1 Jarman, Wills, § § 386, 390, p. 382; *Perin* v. *Cary*, 24 How. 494; *McCartee* v. *Orphan Asylum Soc.* 9 Cow. 484; *Bartlett* v. *Nye*, 4 Met. 378; *Phila. Bap. Ass.* v. *Hart*, 4 Wheat. 1; *Inglis* v. *Sailors' Snug Harbor*, 3 Pet. 99; Boyle, Char. 51; *Jackson* v. *Phillips*, 14 Allen, 556; Shelf. Mortm. 59; *Morice* v. *Bishop of Durham*, 9 Ves. Jr. 399; *Coxe* v. *Basset*, 3 Ves. Jr. 155; *Att'y Gen.* v. *Bowyer*, 3 Ves. Jr. 714; *Moggridge* v. *Thackwell*, 7 Vesey, Junior, 36; 2 Kent's Commentaries, 287; *Girard Will Case*, 2 Howard, 127; *Power* v. *Cassidy*, 16 Hun. 296; 79 New York, 603; *Jones* v *Williams*, 1 Amb. 651; 2 Perry, Trusts, § 687; 2 Pomeroy, Equity Jurisprudence, § § 1018–1024; *State* v. *Gerard*, 2 Ired. Eq. 210; *Going* v. *Emery*, 16 Pick. 119; *Att'y Gen.* v. *Aspinwall*, 2 Mylne & C. 618; *White* v. *White*, 7 Ves. Jr. 423.

Charitable bequests held valid. *Whicker* v. *Hume*, 14 Beav. 509; *Att'y Gen.* v. *Clarke*, 1 Amb. 422; *Waller* v. *Childs*, 2 Amb. 662; *Re Schouler*, 134 Mass. 426; *Saltonstall* v. *Sanders*, 11 Allen, 446; *Power* v. *Cassidy*, 16 Hun. 297; *Fairbanks* v. *Lamson*, 99 Mass. 533; *Swasey* v. *Am. Bib. Soc.* 57 Maine, 525; *Piper* v. *Moulton*, 72 Maine, 155; *Clement* v. *Hyde*, 50 Vermont, 716; S. C., 28 Am. Rep. 522; *Quinn* v. *Shields*, 62 Iowa 149 (49 Am. R. 141); *Sowers* v. *Cyrenius*, 39 Ohio St. 29 (48 Am. R. 419); *Magee* v. *O'Neill*, 19 S. C. 170 (45 Am. R. 765); *Am. Tract Soc.* v. *Atwater*, 30 Ohio St. 77 (27 Am. R. 422).; *Drew* v. *Wakefield*, 54 Maine, 291; *Baker* v. *Sutton*, 1 Keen, 226; *Johnson* v. *Swan*, 3 Madd.

457; *Everett* v. *Carr*, 59 Maine, 325; *Bartlet* v. *King*, 12 Mass. 537; *Att'y Gen.* v. *Soule*, 28 Mich. 153; *Carne* v. *Long*, 2 DeG. F. & J. 75; *Craig* v. *Secrist*, 54 Ind. 419; *Burrill* v. *Boardman*, 43 N. Y. 254 (3 Am. R. 694); *Stewart* v. *Stewart*, 31 N. J. Eq. 398 (1 Am. R. 168); *Mason* v. *Robinson*, 2 Sim. & Stu. 295; *Christ's College Case*, 1 W. Bl. 90; *First Univer. Soc.* v. *Fitch*, 8 Gray, 421; *Ould* v. *Washington Hospl.* 95 U. S. 303; *McDonogh* v. *Murdoch*, 15 How. 367; *Shotwell* v. *Mott*, 2 Sandf. Ch. 51; *Sewell* v. *Crewe-Read*, L. R. 3 Eq. 60; *Booth* v. *Carter*, L. R. 3 Eq. 757; *Cresswell* v. *Cresswell*, L. R. 6 Eq. 69; *Re Watmough*, L. R. 8 Eq. 272; *Sinnett* v. *Herbert*, L. R. 12 Eq. 201.

No objection that a school exists for a restricted class. *Meeting Street Soc.* v. *Hail*, 8 R. I. 234; *Second Cong. Soc.* v. *Waring*, 24 Pick. 304; *King* v. *Parker*, 9 Cush. 71; *Carter* v. *Balfour*, 19 Ala. 814.

The law of perpetuity. *Merritt* v. *Bucknam*, 77 Maine, 253; *Slade* v. *Patten*, 68 Maine, 380; 1 Perry, Trusts, 381; 1 Jarman, Wills, 504; *White* v. *Fisk*, 22 Conn. 31; *State* v. *Griffith*, 2 Del. Ch. 392; *Dexter* v. *Gardner*, 7 Allen, 243; *Williams* v. *Williams*, 8 N. Y. 525; *Levy* v. *Levy*, 33 N. Y. 97; *Odell* v. *Odell*, 10 Allen, 6; Tudor, Char. T. 298; *Jones* v. *Habersham*, 107 U. S. 174; *Suter* v. *Hilliard*, 132 Mass. 412; *Adye* v. *Smith*, 44 Conn. 60; *DeCamp* v. *Dobbins*, 29 N. J. Eq. 36: *Shotwell* v. *Mott*, 2 Sandf. Ch. 51; 2 Perry, Tr. 736; *McDonogh* v. *Murdoch*, 15 How. 367; *Potter* v. *Thornton*, 7 R. I. 252; 2 Pom. Eq. Jur. § 1018.

The words " to be funded and the income only to be expended," do not limit the bequests. 1 Bour. L. Dict. 551; 1 McCullough, Com. Dict. 689; *Stephens* v. *Milnor*, 24 N. J. Eq. 358; *Wetmore* v. *Parker*, 52 N. Y. 450; *Auburn Theolog. Sem.* v. *Kellogg*, 16 N. Y. 89; *Levy* v. *Levy*, 33 N. Y. 116; *Bascom* v. *Albertson*, 34 N. Y. 584; *Rainey* v. *Laing*, 58 Barb. 453; 2 Redf. Wills, * 851; *Att'y Gen.* v. *Greenhill*, 9 Jur. (N. S.) * 1307; 1 Jarm. Wills, * 251, 257–261; Lewis, Tr. * 534; *Harrison* v. *Harrison*, 36 N. Y. 543; *Patterson* v. *Ellis*, 11 Wend. 259; *Norris* v. *Beyea*, 15 Barb. 425.

*William T. Haines,* for Maine State College of Agriculture and Mechanical Arts.

*Percival Bonney,* for Colby University and American Baptist Home Mission Society, cited: 2 Perry, Tr. § 737; *Stone* v. *North,* 41 Maine, 265; *Sampson* v. *Randall,* 72 Maine, 112; *Washburn* v. *Sewall,* 9 Met. 282; *Bangor* v. *Rising Virtue Lodge,* 73 Maine, 428; *Sanderson* v. *White,* 18 Pick. 328; *Hadley* v. *Hopkins Academy,* 14 Pick. 241, besides many other authorities above mentioned, cited by other counsel.

*Baker, Baker and Cornish.* for Maine Insane Hospital, cited many of the authorities above mentioned, given by other counsel, and also the following: 1 Perry, Tr. § § 114, 119; *Turner* v. *Hallowell Sav. Inst.* 76 Maine, 527; *Deering* v. *Tucker,* 55, Maine, 284; Co. Litt. a; Jarm. Wills, (5 Am. ed.) 694; *Stokes* v. *Cheek,* 28 Beav. 620; *Lassence* v. *Tierney,* 1 Macn. & G. 551; *Gompertz* v. *Gompertz,* 2 Phill. 107; *Kellett* v. *Kellett,* L. R. 3 H. L. 160; 3 Pom. Eq. § 1132, note 2; *Craft* v. *Snook,* 13 N. J. Eq. 121 (78 Am. Dec. 94); *Gulick* v. *Gulick,* 27 N. J. Eq. 500; *Huston* v. *Read,* 32 N. J. Eq. 596; *Silknitter's App.* 45 Pa. 365 (84 Am. Dec. 494); *Elton* v. *Shephard,* 1 Bro. Ch. 532; *Philipps* v. *Chamberlaine,* 4 Ves. Jr. 51; *Page* v. *Leapingwell,* 18 Ves. 463; *Stretch* v. *Watkins,* 1 Madd. 253; *Clough* v. *Wynne,* 2 Madd. 188; *Adamson* v. *Armitage,* 19 Ves. Jr. 416; *University of London* v. *Yarrow,* 1 DeG. & J. 72; *Gooch* v *Association,* 109 Mass. 558; *Att'y Gen.* v. *Kell,* 2 Beav. 575; *Am. Asylum* v. *Phœnix Bank,* 4 Conn. 172 (10 Am. Dec. 112); *Croume* v. *Louisville Orphan Asylum,* 3 Bush. 371; *Att'y Gen.* v. *Moore,* 3 C. E. Green, 256; *Philadelphia* v. *Elliot,* 3 Rawle, 170; S. C. 6 N. E. Rep. 840; *Storrs' Ag. School* v. *Whitney,* 8 Atl. Rep. 141; *In re Succession of Vance,* 2 Southern Rep. 54; *Erskine* v. *Whitehead,* 84 Ind. 357.

*Walton and Walton,* for the trustees of Bloomfield Academy and for the town of Skowhegan, in two able briefs, cited many of the authorities above given by other counsel.

*D. D. Stewart,* for Erastus W. Marston *et als.,* heirs and residuary legatees.

In construing the provisions of a will, the court will consider all the provisions and phrases relating to the particular bequest, and give them, as a whole, such construction as the testator evidently intended. If two clauses are repugnant, the last must stand because every part of a will is revocable. *Cotton* v. *Smithwick*, 66 Maine, 367; 1 Spence's Eq. Juris. 536; 1 Saunders, Uses and Trusts, 236 (note). "But," adds Mr. Spence, "an attempt should first be made to reconcile the clauses if possibly it can be affected."

The intention of the testator is evident. He intended to give to these donees, the yearly interest, or income of these sums of money, and prohibited them from ever having the principal, or ever having any power to alienate it. That the bequest amounts to a gift of the annual interest, and nothing more, is settled by the decision of the Supreme court of Massachusetts. *Saunderson* v. *Stearns*, *Exr.* 6 Mass. 37.

Undoubtedly, if the yearly interest had been limited to a life or lives in being, as in the case cited, with twenty-one years added, such a limitation would have been valid, and the executors would have stood charged with the trust. But the fund being tied up from alienation indefinitely, and the payment of the annual income not being limited to a life or lives in being and twenty-one years after, the vice of perpetuity attaches to these legacies and they are void. *Thellusson* v. *Woodford*, 4 Ves. 227; *Duke of Norfolk* v. *Howard*, 1 Vern. 164; *Beekman* v. *Bonsor*, 23 N. Y. 315; *Rose Will Case*, 4 Abbott's N. Y. Court of Appeals, 108; *Cadell* v. *Palmer*, 10 Bing. 140; *Thorndike* v. *Loring*, 15 Gray, 391; *Hall* v. *Hall*, 123 Mass. 120; Gray on Perpetuities, c. 10, 250 to 256; 1 Perry on Trusts, § 379; *Yates* v. *Yates*, 9 Barb. 325; *King* v. *Rundle*, 15 Barb. 144; *Wilson* v. *Lynt*, 30 Barb. 124; *Owens* v. *Missionary Soc.* 14 N. Y. 380; *Bascom* v. *Albertson*, 34 N. Y. 584; *Piper* v. *Moulton*, 72 Maine, 155; *Rex* v. *Lord Dangannon*, 1 Dr. & Warren, 245.

The case of *Tucker* v. *Seamen's Aid Soc.* 7 Met. 188, appears to be decisive against this attempt of the Amer.

Baptist Home Missionary Society to gobble up a legacy to the "Wayland Seminary."

In the absence of all proof can this court hold this to be a charitable bequest, a public charity? Can they further hold that "Freedmen's schools" are definite *cestui que trust*, sufficiently definite to be the subject of a judicial decree? All trusts should be so explicitly declared and defined that the court can, if called upon, enjoin the performance, or the non-performance, of any act necessary to the fulfillment of the trust.

"The trusts must be so certain in their objects, and in the persons to be benefited, that they can be enforced by a judicial sentence." *Williams* v. *Williams*, 4 Selden, 526; *Owens* v. *Missionary Soc.* 14 N. Y. 380; *Beekman* v. *Bonsor*, 23 N. Y. 299; *Phelps* v. *Pond*, 23 N. Y. 69; *Downing* v. *Marshall*, 23 N. Y. 382; *Phillips* v. *Aldridge*, 4 D. & E. *264; *Morice* v. *Bishop of Dunham*, 9 Ves. 398; *James* v. *Allen*, 3 Meriv. 17; *Vesey* v. *Jameson*, 1 Sim. & Stu. 69; 1 Jarman on Wills, 316; *Goddard* v. *Pomeroy*, 36 Barb. 546; *Nichols* v. *Allen*, 130 Mass. 211.

It is admitted that the "Wayland Seminary" is an unincorporated association, out of the state, and in no state, but the persons composing it are supposed to reside in the District of Columbia. The following authorities hold such a bequest void: *Baptist Ass'n* v. *Hart's Exrs.* 4 Wheat. 1; *Bascom* v. *Albertson*, 34 N. Y. 584; *Tucker* v. *Seaman's Aid Soc.* 7 Met. 188.

"The rule is," said Mr. Justice MORTON, in delivering the opinion of the court in a late case, "that executory limitations are void unless they take effect *ex necessitate*, and in all possible contingencies, within the period of a life or lives in being at the death of the testator and twenty-one years after." *Hall* v. *Hall*, 123 Mass. 124; *Rose Will Case*, 4 Abb. N. Y. App. 108; *Fosdick* v. *Fosdick*, 6 Allen, 41; *Brattle Sq. Chur.* v. *Grant*, 3 Gray, 155.

The authorities already cited show that legacies rendered invalid by suspending the power of alienation beyond a life or lives in being and twenty-one years, and such as are void for remoteness, go to the testator's legal heirs, as property unde-

vised. *Rose Will Case*, 4 Abb. Ct. of App. 108, and others cited.

HASKELL, J. The executors of the will of Abner Coburn, *quod vide*, 79 Maine, 25, ask a construction of that will. Most of the respondents have answered, and a general replication has been filed.

The bill does not call for answers on oath, and after replication they are not evidence of the facts stated in them. *Clay* v. *Towle*, 78 Maine, 86. After answer filed in an equity cause, the orator may elect to set the cause for hearing upon bill and answer, or traverse the truth of the answer by replication, thereby raising an issue of fact to be settled by evidence. If the cause be set for hearing upon bill and answer, the facts stated in the answer are to be taken as true, because the orator elects to so treat them ; precisely as a plaintiff in an action at law, by demurrer to a defendant's plea, admits all the facts stated in it that are well pleaded.

In the cause before the court, the orators filed a replication to the respondents' answers, and thereafterwards moved to set the cause for hearing upon bill and answer only, and the motion was granted.

By filing the motion, the orators must be held to have waived their replication ; otherwise the respondents can neither have the benefit of their answers as true, nor a chance to prove them true, and would be deprived of their defense. On motion, a replication may be withdrawn and the cause set for hearing upon bill and answer. *Rogers* v. *Goore*, 17 Ves. 130 ; *Brown* v. *Ricketts*, 2 Johns. ch. 425. So for questioning the sufficiency of a plea. *Greene* v. *Harris*, 9 R. I. 401.

I. The three several legacies of $50,000 to the Maine Insane Hospital, "the income only to be expended annually;" of $100,000 to the Maine State College of Agriculture and Mechanic Arts, " the same to be funded and the income only to be expended annually;" of $200,000 to Colby University, "$150,000 of which to be funded and the income only to be expended annually," are of like legal import and may, therefore, be considered together.

These donations are absolute, to enable each donee to compass certain specific objects within the scope and purpose of its charter, and incident to the beneficent design of its foundation. No other intent can be gathered from the will, and the intent of the testator therein expressed must govern. *Turner* v. *Hallowell Savings Institution*, 76 Maine, 526.

But if these legacies are treated as gifts of perpetual income, the result must be the same. A gift of the perpetual income of either real or personal estate is a gift of the property. That has always been the doctrine of this court. *Andrews* v. *Boyd*, 5 Maine, 199 ; *Butterfield* v. *Haskins*, 33 Maine, 392 ; *Earl* v. *Rowe*, 35 Maine, 414 ; *Stone* v. *North*, 41 Maine, ·265 ; *Sampson* v. *Randall*, 72 Maine, 109.

Payment of these legacies to the donees will relieve the executors from further liability in the premises.

II. Two hundred thousand dollars is bequeathed to the American Baptist Home Mission Society, (" one-half of which to be applied in aid of Freedmen's schools other than the Wayland Seminary,") and $50,000 to the Wayland Seminary at Washington, D. C.

The case shows that the Mission Society is a New York corporation, chartered for " promotion of the preaching of the gospel in North America," with authority " to establish and maintain schools in connection with its missionary work among the colored population of the United States, now generally known as freedmen, . . . and for that purpose to take and hold necessary real estate, and receive, accumulate, and hold in trust endowment funds for the support of such schools ;" that the society has established and is maintaining fourteen " freedmen's schools," one in each of thirteen formerly slaveholding states, and one, Wayland Seminary, in the District of Columbia.

The clear intention of the testator was that $150,000 of this donation should be applied to the support of these and such other schools of the same class as the society may establish or see fit to patronize ; but that $50,000 of the same, and no more, should be applied to Wayland Seminary, one of these " freedmen's schools."

The mission society, therefore, takes the whole $250,000, but $150,000 it takes in trust for the support or aid of "freedmen's schools," according to the tenor of the legacy. To this society the whole legacy should be paid.

The society is authorized by its charter to take and hold the legacy, and its purpose is so manifestly charitable and meritorious that further consideration of it is unnecessary. *Everett* v. *Carr*, 59 Maine, 325 ; *Simpson* v. *Welcome*, 72 Maine, 496 ; *Tappan* v. *Deblois*, 45 Maine, 122 ; *Drew* v. *Wakefield*, 54 Maine, 291.

III. Thirty thousand dollars is bequeathed " to the trustees of Bloomfield Academy, to be appropriated at their discretion in founding a free public library in the town of Skowhegan."

This legacy is certain and specific and for a charitable purpose, and should be paid to the donees according to its tenor. The authorities already cited establish its validity.

IV. Twenty thousand dollars is bequeathed "to the town of Skowhegan for the worthy and unfortunate poor, and to save them from pauperism, to be funded, and one-half of the income of the same to be expended by a Woman's Aid Society formed for that purpose."

A trust is created for the worthy and unfortunate poor. Clearly a charity. The direction that one-half the income shall be expended by a " Woman's Aid Society formed for that purpose " does not invalidate the legacy. Whether such society exists or shall be hereafter formed makes no difference. The beneficiaries are named. " For ye have the poor always with you."

A gift to a corporation not *in esse* for a charity is valid ; *Swasey* v. *American Bible Society*, 57 Maine, 523 ; *a fortiori* when the income only is to be expended under the direction of a society formed for that purpose.

The questions put by the heirs at law in their answer, and not already considered, have not been argued by their learned counsellor, and may therefore be considered as waived. *State* v. *Craig*, 80 Maine, 85.

*Bill sustained. Decree below according to this opinion.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER JJ., concurred.