ESTATE OF JOSEPH EMERIC, DECEASED.

[No. 8,672; decided November 8, 1890.]

**Charity.**—A Legacy for the Restoration of an Old Church and a town hall is a charitable use.

**Charity.**—The Term "Charity" is a Broad One, and may be applied to almost anything that tends to promote the general well-being and well-doing of the human race.

**Charity—Gift Within Thirty Days of Death.**—A legacy for a charitable use, contained in a will executed within thirty days of the testator's death, is void under section 1313 of the Civil Code.

E. J. Pringle, for the executors.

COFFEY, J. The question is whether the bequest in Joseph Emeric's will to the town of Neoules, Department of Var, France, for the restoration of the old Roman Catholic Church and the Town Hall, is valid under the laws of California.

Section 1313 of the Civil Code of California contains a restriction upon the power of devising property or money to charitable uses, and reads as follows: "No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society, or corporation, or to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator; and if so made, at least thirty days prior to such death, such devise or legacy, and each of them, shall be valid. . . . . And all dispositions of property made contrary hereto shall be void, and go to the residuary legatee or devisee, next of kin, or heirs, according to law."

Joseph Emeric died on the twenty-second day of June, 1889, and his will bears date of June 7, 1889. If, therefore, the legacy to the town of Neoules comes within the meaning of "charitable uses" under this section of the code, it is void, and would not be upheld by our courts. From an examination of the authorities I am satisfied that the legacy in question is a "charitable use," and therefore falls within the inhibition of the statute.

The term "charity" is a broad one, and has been held to mean any general public use. It may be applied to almost

anything that tends to promote the general well-being and well-doing of the human race: Ould v. Washington Hospital, 95 U. S. 303, 24 L. ed. 450.

To ascertain the scope and meaning of the term "charity" recourse is usually had to the statute of 43 Elizabeth, chapter 4, which enumerates various kinds of charitable uses. Whether or not that statute was adopted as the common law in California, it is referred to by the American courts as throwing great light on the question of what bequests are to be considered as charitable within the meaning of the American codes and statutes, and most of the objects denominated therein as charitable had been recognized by the common-law cases decided before the statute. Among the things declared to be charitable uses we find—beside hospitals, homes, refuges and other obviously charitable objects—schools of learning, scholarships in colleges, education and assistance of tradesmen; the repair and maintenance of bridges, causeways, highways, harbors, forts, *churches* and *public buildings*. And in Am. Asylum v. Phoenix Bank, 4 Conn. 172, 10 Am. Dec. 112, it was said that this enumeration contained in the statute of Elizabeth is not exhaustive, and that "charity" extends to all objects within the spirit and policy of the law.

In two English cases it has been held that gifts of money to be expended in the "general improvement of particular towns" comes under these bequests for charitable purposes: Howse v. Chapman, 4 Ves. 542; A. G. v. Heelis, 2 Sim. & S. 67.

In a recent case the United States supreme court held that where a sum of money was given to trustees "to keep and preserve as a public edifice" a house of the testator containing books and works of art, "to be opened on certain days to the general public as a library and art-room," the bequest was one for charitable uses: Jones v. Habersham, 107 U. S. 174, 2 Sup. Ct. 336, 27 L. Ed. 401.

In Coggeshall v. Pelton, 7 Johns. Ch. 292, 11 Am. Dec. 471, a legacy was left to the town of New Rochelle, for the purpose of erecting a town hall for the transaction of the general town business; held, this was a "charity" in the legal sense of the word.

From an examination of these and other authorities I feel that there can be no doubt that the legacy in Joseph Em-

eric's will to the town of Neoules "to be expended as follows, to wit: $5,000 thereof to be expended under the directions of the majority of the members of the Town Council in restoring and repairing the old Roman Catholic Church and the building used as a Town Hall in said town, and the other $5,000 to be paid out and distributed among the most worthy and deserving poor of the said town according to the voice of the majority of the Town Council," is a bequest for charitable uses; and, as the will was not executed thirty days before his death, this clause is clearly void under the provision of the code above quoted, and would not be enforced in our courts.

As to What Constitutes a Charity, see the note in 63 Am. St. Rep. 248. Section 1313 of the California Civil Code, restricting testamentary gifts to charities, applies to gifts to religious societies: Estate of Hewitt, 94 Cal. 376, 29 Pac. 775; and also to the state university: Estate of Royer, 123 Cal. 614, 56 Pac. 461, 44 L. R. A. 364; People v. Jeffers, 126 Cal. 296, 301, 58 Pac. 704.