In re CRANE'S WILL.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. WILLS—BEQUEST TO CITY—POWER TO TAKE.
   By the common law, and also by statute, the city of New York may take personal property by bequest.

2. SAME—PRECATORY TRUST.
   A bequest to a city, "with the request that the same be expended, if such is sanctioned by law, in the erection of a drinking fountain in the city," is an unconditional gift, limited to one of the purposes for which the city is authorized to hold property, and does not create a precatory trust.

3. SAME—LIMITATION OF TESTAMENTARY POWER.
   Laws 1860, c. 360, prohibiting the gift by a testator, under certain circumstances, of more than one-half of his estate, applies only to gifts to a particular class of private corporations, and not to gifts to a municipal corporation.

Appeal from surrogate's court, New York county.

Proceeding for the probate of the will of Angelina Crane, deceased. From a decree admitting the will to probate, and construing certain provisions thereof, Edith H. Simmons, a legatee, appeals. Affirmed.

The will reads as follows:

"I, Angelina Crane, of the city of New York, widow, being of sound mind and memory, do make, execute, and declare this, my last will and testament, in form and manner following, to wit: First. I direct my debts and funeral expenses to be paid as soon after my death as practicable. Second. Inasmuch as my daughter, Edith Hawthorne Crane, now the wife of Robert S. Simmons, has treated me in a most undutiful and unnatural manner, I therefore give and bequeath to her the sum of five dollars, and no more. Third. I give and bequeath to the 'Woman's Hospital in the State of New York,' located on Park and Lexington avenues, in the city of New York, the sum of five thousand dollars, to be used for the establishment and maintenance of a free bed or beds, to be known by my name. Fourth. I give and bequeath to the 'Home for Incurables' the sum of five thousand dollars. Fifth. I give and bequeath to 'St. Luke's Hospital' the sum of five thousand dollars. Sixth. I give and bequeath to the 'Tribune Fresh-Air Fund,' popularly known as the 'Children's Fresh-Air Fund,' the sum of five thousand dollars. Seventh. All the rest, residue, and remainder of my

estate, of every kind and description, wheresoever situated, and whenever the same may have been acquired, I give, devise, and bequeath to the mayor, aldermen, and commonalty of the city of New York, with the request that the same be expended, if such expenditure is sanctioned by law, in the erection of a drinking fountain in the city of New York, to my memory. Eighth. I hereby nominate and appoint the Farmers' Loan & Trust Company, a corporation incorporated under the laws of the state of New York, executor of this, my last will and testament."

The surrogate admitted this will to probate, and construed the provision in favor of the city to be valid. From that decree Mrs. Simmons appeals. No question is raised as to the execution of the will, or as to Mrs. Crane's capacity to make it.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

A. Prentice, for appellant.

David McClure, for respondent Farmers' Loan & Trust Company.

Theodore Connoly, for respondents mayor, aldermen, and commonalty of the city of New York.

William Bard McVickar, for respondent St. Luke's Hospital.

George C. Kobbe and James A. Speer, for respondent Home for Incurables.

BARRETT, J.   The bequest to the city of New York, contained in the seventh clause of Mrs. Crane's will, was absolute.   As to the right of the city to take, there can be no question.   It enjoys the common-law right of taking personal property by bequest.   Ang. & A. Corp. § 177; Dill. Mun. Corp. (4th Ed.) § 566, and cases there cited.   It enjoys the same right by statute.   It is authorized, by both its ancient and modern charters, and by the laws of the state, to "take, hold, receive, enjoy, and have goods, chattels, and all other things of what kind and quality soever."   Dongan Charter, § 6; Montgomerie Charter, § 1; Laws 1732, c. 584; Laws 1873, c. 335, § 119; Const. 1777, § 36; Const. 1821, art. 7, § 14; Const. 1846, art. 1, § 17; Present Const. art. 1, § 16; Consolidation Act, § 26.   The gift, therefore, of the residue of Mrs. Crane's estate was inherently valid.   Le Couteulx v. City of Buffalo, 33 N. Y. 342.

But this gift is followed by a request that it be expended, if such expenditure is sanctioned by law, for a particular purpose, namely, "in the erection of a drinking fountain in the city of New York." The erection of drinking fountains in a city is clearly a corporate purpose.   It is expressly recognized as such in the statutes of the state.   Thus, the erection of public fountains for the use of man and animals is referred to in the consolidation act (section 86, subd. 24, and section 688), and provision is there made for corporation ordinances in relation thereto.

We thus have an unconditional gift to the city, which is simply a gift for corporate purposes generally, followed by a request that it be utilized for one of those purposes, if this may lawfully be done. The effect of this request is not to limit the absolute gift of the residue, nor to create a precatory trust.   To create a trust of the latter description, the precatory expression must concern individuals other than the trustee.   Here we have simply a request upon Mrs.

Crane's part to apply her bounty, if it may lawfully be done, to one of the purposes for which the city is authorized to hold property.

The respondents contend that the precatory words are qualified by the proviso, that the latter indicates doubt upon the testatrix's part, and that her request thus lacked the essential force of direct and unclouded volition. We need not consider this view of the case, though it certainly presents a serious question. We may, in fact, eliminate the proviso altogether, and treat the request as though the gift were simply followed by these words: "To be expended in the erection of a drinking fountain in the city of New York to my memory."

Thus treating the request as a distinct and unqualified expression of Mrs. Crane's will, it is still entirely valid. She had, as was said in Ex parte Howe, 1 Paige, 215, "a right to limit her bounty to a part of the objects to which they [the private corporation there; the public corporation here] might appropriate the general funds of the corporation." The authorities are all one way to the same effect. In Williams v. Williams, 8 N. Y. 531, never questioned upon this point, Denio, J., said that a benefactor may apply his bounty to the whole or any one or more of the various purposes for which the corporations are authorized to hold property. In Coggeshall v. Pelton, 7 Johns. Ch. 292, the chancellor held that a pecuniary legacy to a town "for the purpose of erecting a townhouse for transacting town business" was valid. "The object of this legacy," he observed, "was a general public use, as convenient for the poor and the rich." In McDonogh's Ex'rs v. Murdoch, 15 How. 413, the supreme court of the United States held that "a designation of the particular use, if within the general objects of the corporation," did not affect the result, namely, the valid operation of the bequest. It was held, in Wetmore v. Parker, 52 N. Y. 450, that a corporation created for charity may take by bequest and hold personal property limited by the testator to any of the corporate uses of the legatee, that such a bequest does not create a "trust," as that term is applied to property, and that the dictation by the donor of the manner of its use within the law does not affect the ownership or make the corporation a trustee. In this connection Chief Judge Church observed that:

"A person may transform himself into a trustee for another, but he cannot be a trustee for himself. Its duties [that is, the duties of the corporation with regard to the bequest] are in some respects fiduciary, but not so as to interfere with its title to the personal property thus transferred."

This doctrine was followed and affirmed in Bird v. Merklee, 144 N. Y. 544, 39 N. E. 645. "The fact," said Judge Bartlett in this case, "that the testator has designated the purpose for which the legacy must be used, does not indicate a desire on his part to create a trust." The court then approves Judge Denio's reasoning in Williams v. Williams, above quoted, to the effect that the testator may lawfully limit the application of his bequest to any one of the general purposes for which the corporation is authorized to hold property.

This doctrine is quite as applicable to a municipal as to a charitable corporation. It was thus applied in England, in the cases referred to by the chancellor in Coggeshall v. Pelton, supra, namely, Attorney General v. Clarke, Amb. 422, and Jones v. Williams, Amb. 651. In Fosdick v. Town of Hempstead, 125 N. Y. 582, 26 N. E. 804, the gift was held to be invalid because it was not for any corporate purpose. For that reason alone, the above doctrine was not applied. Peckham, J., refers, however, to the cases of private and charitable corporations, where the rule is "that the gift, in order to take effect as an absolute one, must be for some one or all of the purposes for which the corporation was created." This learned judge then says:

"It is this circumstance, that the gift in this case is not for corporate purposes, which takes it out of the principle upon which the cases cited were decided."

This distinction was adverted to in Bird v. Merklee, supra, where Judge Peckham's language, that there must be a gift for some corporate purpose, was quoted by Judge Bartlett, the latter judge closing in these words, applicable to the case then before the court of appeals:

"It was simply saying that the gift was for the purpose of aiding the corporation in the discharge of some of its corporate functions."

There can be no doubt, therefore, both upon reason and authority, that the gift of the residue was here valid. It was valid if applicable to corporate purposes generally. It was equally valid if limited to one of those purposes.

The point is also taken that the bequest to the city conflicts with the provisions of chapter 360 of the Laws of 1860, prohibiting the gift by a testator, under certain circumstances, of more than one-half of his estate. But this act only applies to benevolent, charitable, literary, scientific, religious, or missionary societies,—in other words, to a particular class of private corporations. It does not apply to the state, nor to individuals, nor to public or municipal corporations. The maxim, "Expressio unius est exclusio alterius," is here applicable. It is true that the purpose of the act was, as pointed out in Chamberlain v. Chamberlain, 43 N. Y. 440, "to prevent a person, upon whom others standing in near relation had claims, from disappointing their just expectations, and disinheriting them from pious or philanthropic motives." As a practical limitation upon such a purpose, the various societies, associations, or corporations likely to be considered by one contemplating disinheritance were enumerated and placed under the special prohibition. The object was not specifically to prevent a person from disinheriting those having claims upon him, nor to limit the power of disposition generally. The danger was supposed to be in the occasional tendency to disinherit from pious or philanthropic motives. And thus the societies which furnished the readiest facilities for the gratification of this impulse were specified. In all other directions it was thought that testators might properly be left to the operation of natural laws. The cases to which the appellant refers (Bascom v. Albertson, 34 N. Y. 617; Chamberlain v. Chamberlain, 43 N. Y. 440) do not con-

flict with this view. They are simply directed against evasions of the act, holding that it cannot be eluded by a gift of more than one-half of the estate to two or more corporations in the aggregate, nor by a· gift of the whole estate to a private trustee for the precise benevolent objects to which the one-half was limited. But that is not·this case, nor is either of the illustrations in point. Here there is no evasion nor attempt to elude the prohibition. There is merely a gift to a corporation which is not within the prohibition.

We may add that in no aspect of the case could probate have been properly refused, for, even if the gift to the city were entirely invalid, the other legacies are unaffected 'by the invalidity. They are largely within one-half of the estate. What the city takes is the residue after the payment of these legacies. And even if the city were one of the defined corporations, and within the act of 1860, it would still take a part of that residue, for it appears that the estate is of the value of about $70,000. The total amount of the general legacies is but $20,000. That would still leave some $15,000 to· go to the city without passing beyond the one-half of the estate which the testator was authorized by the act to give to the specified institutions.

The decree was in all respects right, and 'should be affirmed, with costs to the respective respondents who have filed briefs upon this appeal, payable out of the estate. All concur.