Argued March 28, affirmed May 22, 1928.

# W. J. VESTAL ET AL. *v.* F. S. PICKERING ET AL.

### (267 Pac. 821.)

**States—State is Competent to Become Beneficiary of Will, in Absence of Prohibitive Statute.**

1. The state is competent to become the beneficiary of a last will and testament, in absence of statute prohibiting it from exercising such power.

**Wills—Right to Pass Title to Property by Will is Statutory.**

2. The right to pass the title to property by will is a statutory right, coming from state itself.

**Schools and School Districts—Conduct of Schools is Governmental Function.**

3. Under our form of government, the conduct of the public schools is a governmental function.

**Schools and School Districts—School District is not Exceeding Powers by Receiving Devise or Legacy so Long as Operations of District are Limited to Purpose of Maintaining Schools (Or. L., § 5152).**

4. School district *held* not to be exceeding powers by receiving devise or legacy so long as the operations of the school district were limited to the purpose of maintaining and supporting the schools, even though the capacity of receiving such a gift is not expressly mentioned in statement of powers, under Section 5152 Or. L.

**Schools and School Districts—School Districts are Bodies Corporate Authorized to Hold and Dispose of Property in Their Name and Corporate Capacity (Or. L., §§ 5093, 5095, 5097, 5113, 5145, 5151, 5158, 5238).**

5. Sections 5093, 5095, 5097, 5113, 5145, 5151, 5158, 5238, Or. L., all clearly disclose that school districts are bodies corporate and as such are authorized to hold and dispose of property in their name and corporate capacity.

**Schools and School Districts—Though School Property is Vested in District, It Belongs to State.**

6. Although the title to school property is vested in the school district, the property belongs to the state.

1. See 28 R. C. L. 78.
5. See 19 R. C. L. 770; 24 R. C. L. 563, 564.
6. See 24 R. C. L. 566, 567.

**Schools and School Districts—School Districts' Authority to "Hold Property" Includes Power to Receive Property by Will (Or. L., § 5152).**

7. School districts' authority, as under Section 5152, Or. L., to transact all business coming under their jurisdiction and to receive, hold, buy and sell property for school purposes includes, in view of Sections 5145, 5393, 5401, 5634, power to receive property by will.

**Municipal Corporations—That Powers of Municipal Corporations to Receive Property are Strictly Construed is not the Law, Where Gift is for Charitable and Public Uses.**

8. That the powers of municipal corporations to receive property are strictly construed is not the law, where the gifts are for charitable and public uses.

**Schools and School Districts—Gift to District for Benefit of Public at Large is Gift for "Charitable Uses" and Liberally Construed in Public's Favor.**

9. A gift to a school district for the benefit of the public at large is a gift for "charitable uses" and will be construed liberally in favor of the public.

**Charities—Gifts for Charitable and Public Uses are Always Liberally Construed in Public's Favor.**

10. Gifts for charitable and public uses are always liberally construed in favor of the public.

---

Charities, 11 **C. J.**, p. 301, n. 32, p. 317, n. 16, p. 336, n. 2, p. 346, n. 35.
Municipal Corporations, 43 **C. J.**, p. 1337, n. 12.
Schools and School Districts, 35 **Cyc.**, p. 920, n. 72.
Wills, 40 **Cyc.**, p. 1053, n. 82.

From Multnomah: JOHN H. STEVENSON, Judge.

Department 1.

The sole question presented by this appeal and the case is: Has School District No. 1, Multnomah County, Oregon, the capacity to receive property by will? It is contended on behalf of plaintiffs, who are heirs at law of John L. Vestal, that said school district is not authorized or legally capable of receiving property by will. Said John L. Vestal died testate, leaving to said school district most of his property.

---

10. See 5 R. C. L. 352.

No question is presented about the pleadings. Both parties litigant addressed themselves to the sole question of the capacity of said school district to be the financial beneficiary of a last will and testament.

AFFIRMED.

For appellants there was a brief over the names of *Mr. P. J. Gallagher, Mr. W. A. Illidge, Mr. W. Lair Thompson* and *Mr. Ralph H. King,* with an oral argument by *Mr. Gallagher.*

For respondents there was a brief over the names of *Mr. Stanley Myers,* District Attorney, *Mr. Samuel H. Pierce* and *Mr. J. O. Bailey,* with oral arguments by *Mr. Pierce* and *Mr. Bailey.*

COSHOW, J.—1. It cannot be questioned that the state is competent to become the beneficiary of a last will and testament unless there is a statute prohibiting the state to exercise that power. There is no statute prohibiting this state from receiving property by will. It has been held that the United States government, which is a government of limited powers, is capable of receiving property by will unless prohibited by statute. Compare *Dickson* v. *United States,* 125 Mass. 311 (28 Am. Rep. 230), with *United States* v. *Fox,* 94 U. S. 315 (24 L. Ed. 192), affirmed in *Re Fox,* 52 N. Y. 530 (11 Am. Rep. 751).

2. There is much stronger reason for holding a state of the Union capable of receiving property by will in the absence of a statute forbidding it than for so holding in favor of the United States of America. The United States of America possesses only such powers as are granted to it by its Constitution. The several states of the Union possess all of the power

of sovereignty not expressly taken from them by the Constitution of the United States or their own Constitutions. The right to pass the title to property by will is a statutory right. It comes from the state itself. It would be an anomalous condition of affairs if the state could not receive property from its own creature or exercise the power that it grants to its citizens individually where no prohibition is contained in its fundamental law or any of its statutes.

School districts of the State of Oregon are bodies corporate: Or. L., §§ 5145, 5152. Said districts are authorized to receive, to hold, buy and sell real property for school purposes. Such districts are authorized and competent to transact "all business coming under their jurisdiction." Or. L., § 5152.

3. Plaintiffs rely upon the well-established principle that a corporation possesses only such powers as are granted to it by its charter or general law and that the power to receive property by will has never been granted to said school district No. 1. Plaintiffs also urge the well-established principle that a school district, including said school district No. 1, is not a corporation in the sense of a private business concern or of a privately owned and controlled corporation organized under the laws of a state for the conduct of a school. Plaintiffs urge in this connection that, said school district No. 1 being a body corporate, its functions are limited to the powers especially granted by the laws of the state and the power to accept and retain property devised by will has not been granted to said school district. They also urge that notwithstanding said school district is a body corporate it is only an agency or arm of the state organized as a body corporate for the

express and sole purpose of conducting the schools for the education of its citizens. It must be conceded that under our form of government the conduct of the public schools is a governmental function.

We opine that school districts, including said school district No. 1, as a body corporate of the state, organized for the purpose of conducting the state's business of educating its citizens, would have the power to receive and retain property devised to it by will unless that power is prohibited because the school district is the state itself exercising its sovereign function of educating future citizens.

4. We do not think the school districts would have authority to receive property for any other purpose than that of conducting the public school system. So long as the operations of the school district are limited to the purpose of maintaining and supporting the schools, it is not exceeding its powers by receiving a devise or legacy though the capacity of receiving such a gift is not expressly mentioned in the statute.

This court very recently held that school districts were exercising a sovereign power in conducting the schools and as such were not liable as tort-feasors: *Jacoberger* v. *School District No. 1,* 122 Or. 124 (256 Pac. 652).

Title to property is vested in school districts: Or. L., § 5158. In districts with 20,000 children the bond for the deposit of money belonging to said district runs to the state (Or. L., § 5238); and other district clerks' bonds run to the directors of school districts: Or. L., §§ 5113, 5151. Loans made for school districts of funds belonging thereto "shall be secured by note and mortgage, to the school district

to which said sinking fund belongs." Or. L., §§ 5093, 5095, 5097.

5, 6. These statutes all clearly disclose that school districts are bodies corporate and as such are authorized to hold and dispose of property in their name and corporate capacity: *Splonskofsky* v. *Minto,* 62 Or. 560 (126 Pac. 15). Although the property is vested in the school district it belongs to the state.

"School districts are public *quasi* municipal corporations, sometimes termed 'involuntary corporations.' * * They may make contracts, levy taxes, and possess property. They are organized not for the purpose of profit or gain, but solely for the public benefit, and have only such limited powers as may be necessary for that purpose. They have therefore been said to be corporations of the most limited power known to the law. *They are but the agents of the state for the sole purpose of administering the state system of public education,* and have only such powers as are conferred expressly or by necessary implication." 24 R. C. L. 563, § 7. See, also, 19 R. C. L. 770, § 76.

"The school district is purely a creation of the legislature, either by express law, or by a general law under which it is formed. Its powers and the method of their exercise are all defined by legislative act. * * *The legislature may, from time to time, in its discretion, abolish school districts, or enlarge or diminish their boundaries, or increase, modify or abrogate their powers."* 24 R. C. L. 563, § 6.

"The legislature, having plenary power over school districts, may provide for the division of the property and the apportionment of debts, when a portion of the territory and property of one district is transferred to the jurisdiction of another; * * *A statute effecting such separation does not deprive a school district of its property without due process of law for it holds such property merely as trustee for the*

*state, and there is no contract relation between the
district and the state."*   24 R. C. L. 566, § 10.

"The general rule today is that a city may receive
a legacy or devise in trust for a proper purpose.
The same has been said to hold true of a county,
school, township, * * "   28 R. C. L. 77, § 24.

"Each civil township and each incorporated town
or city in this state is, by the statute, declared a
distinct municipal corporation for school purposes,
and is authorized to contract and be contracted with,
to sue and be sued; and the primary purpose of the
corporation is to receive and expend, in the support
of our common schools, such funds as may lawfully
come into its possession devoted to that purpose.   It
is therefore clearly consistent with the purposes for
which the school corporation was instituted that it
should become a trustee to receive funds bequeathed
to it for the use of the public schools. *Dascomb* v.
*Marston* [80 Me. 223], 13 Atl. 888."  *Skinner* v. *Har-
rison,* 116 Ind. 139 (18 N. E. 529, 2 L. R. A. 137).

The law of Indiana is very similar to the law of
Oregon.   The Skinner case is therefore directly in
point.   This state, in so far as it has considered this
question, has held to the same effect: *Raley* v. *Uma-
tilla County,* 15 Or. 172 (13 Pac. 890, 3 Am. St. Rep.
142); *Brown* v. *Brown,* 7 Or. 285; 28 Cyc. 620.   Other
interesting cases in point are *Worcester* v. *Eaton,*
13 Mass. 364 (7 Am. Dec. 155); *Sutton* v. *Cole,* 3 Pick.
(Mass.) 232, 238; *Le Couteulx* v. *Buffalo,* 33 N. Y.
333, the court said, in page 342.

"The corporations having authority to carry out
the object of the conveyances, were unquestinably
authorized, under their power to hold real estate, to
take the title by gift." *Matter of Crane,* 12 App.
Div. 271, 273 (42 N. Y. Supp. 904); Dillon's Municipal
Corporations (4 ed.), § 566; Angell & Ames on Cor-
porations (11 ed.), § 177.

7. Undoubtedly school districts in this state are authorized to receive, hold and sell property for the purpose of conducting the common schools of the state. That authority is expressly given by statute. It not being prohibited by law, that authority includes the power to receive property by will: 7 McQuillin, Mun. Corp. 6632, § 354. This power has been exercised by different school districts of the state and has been recognized as existing in the school districts by the legislature of the state: Or. L., §§ 5393 and following, 5401, 5634.

It will be noticed in these statutes that the express power to receive property was not conferred thereby upon the school districts therein mentioned but that power was recognized as existing inherently in the districts and the statute prescribes modes for investing the funds bequeathed or devised to the several districts: *In re Johns Will,* 30 Or. 494 (47 Pac. 341, 36 L. R. A. 242).

8–10. Plaintiffs insist that the powers of corporations to receive property are strictly construed. This is not the law where the gift is for charitable and public uses. A gift to a school district for the benefit of the public at large is a gift for charitable uses and such gifts are always liberally construed in favor of the public: *Raley* v. *Umatilla County,* 15 Or. 172 (13 Pac. 890, 3 Am. St. Rep. 142, 152); *Bell County* v. *Alexander,* 22 Tex. 350 (78 Am. Dec. 268); *Matter of Crane,* 12 App. Div. 271 (42 N. Y. Supp. 904); 11 C. J. 301, § 5; Id. 316, § 20; Id. 330, § 45; Id. 336, 337, § 54; Id. 346, § 6; 28 Cyc. 620; 5 R. C. L. 352, § 89, and other authorities cited above.

The judgment and decree of the Circuit Court is affirmed.                                  AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.