In the Matter of the Estate of MILES H. DeLONG, Deceased.

Surrogate's Court, Saratoga County, May 9, 1931.

*Louis E. Follett*, for the executor.

TUCK, S. This is a proceeding for the construction and validity of a provision of the last will and testament of Miles H. DeLong, late of the town of Saratoga, Saratoga county, N. Y., deceased. The provision reads as follows:

"*Fifteenth*. I give and bequeath all the rest, residue and remainder of my property, both real and personal of every name and nature, and wherever situated, unto Jesse B. Deyoe, of Schuylerville, N. Y. in trust, however, to invest and reinvest the same, and to pay over the income as it accrues, to the Treasurer of Frank Norton Corps No. 43 Department of New York, Woman's Relief Corps of Schuylerville, N. Y., the said income to be used for Memorial Day purposes; and, in case the Frank Norton Corps No. 43, Department of New York, Woman's Relief Corps, Schuylerville, N. Y. should disband or cease to function, then, and in that event, the income of my estate as above referred to, is to be paid to the Board of Trustees of the Village of Schuylerville, N. Y. and the same is to be applied by them for the purpose of carrying out the provisions of this paragraph of this codicil to my said last Will and Testament."

It was early decided in this State in *Coggeshall* v. *Pelton* (7 Johns.

Ch. 292) that a legacy of a sum of money to the town of New Rochelle for the purpose of erecting a town house for the transaction of town business is a valid charitable bequest. The chancellor, in determining this matter, states "the object of this legacy was a general public use as convenient for the poor as the rich."

The supreme test of a charitable use is that it is public and for indefinite beneficiaries. (*Matter of Cunningham*, 76 Misc. 120.)

A charitable use may now be perpetual but it must vest within the rule against perpetuities.

Since the passage of chapter 701 of the Laws of 1893 and the amendments thereto* it seems to have been the policy of the law to favor the upholding of charitable bequests. (*St. John* v. *Andrews Institute*, 117 App. Div. 698, 714.)

The objects and purpose of the devise in this will seem to fall within the provisions of the statute and in the opinion of the court the devise is valid.

Let a decree be submitted accordingly.

* See Real Prop. Law, § 113; Pers. Prop. Law, § 12.—[REP.