## Edge's Estate.

Argued May 22, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

68

*Oscar Wickersham,* of *Wickersham & Wickersham,* for appellant.

*E. Russell Shockley,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, June 24, 1940:

Has the Commonwealth of Pennsylvania the right to receive property by will?

Rebecca J. Edge died in 1932, leaving a will in which she gave her residuary estate to the Commonwealth. Her heirs contend that, at the time of her death, the Commonwealth was not empowered by any statute to receive property by will, and that, therefore, she died intestate and the property passed to them. The court below held the gift to the Commonwealth valid. The heirs have appealed.

The testatrix had the legal right to give her estate to the Commonwealth. She could dispose of her estate in any manner not contrary to law or public policy: *Thompson's Est.,* 304 Pa. 349, 155 A. 925; *Bryant's Est.,* 315 Pa. 151, 173 A. 190. In our State there is no provision, either in the Constitution or statute law, which could be construed as prohibiting a gift to the Commonwealth by will. The Wills Act of June 7, 1917, P. L.

403, 20 PS Sec. 181, expressly refers to property bequeathed or devised to any body politic. A devise or bequest to the Commonwealth cannot be said to be in violation of public policy. The State could receive the same property by escheat if there were no heirs.

While no Pennsylvania cases are directly in point, it has been uniformly recognized elsewhere that a sovereign State has the power to become a beneficiary of a will unless there is some statute prohibiting it: *Vestal v. Pickering,* 125 Or. 553, 267 P. 821. In *Dickson v. United States,* 125 Mass. 311, there was a devise made by a citizen of Massachusetts to the United States. In that case, Chief Justice GRAY said (p. 315) : "To hold that the supreme government of the country, vested by the Constitution with the power to levy and collect taxes and duties to pay the debts and provide for the common defence and general welfare of the United States, and to borrow money on the credit of the United States, and capable of making contracts and of accepting security for debts, and, in case of necessity, of taking private property by the right of eminent domain, has no capacity to receive a voluntary devise or bequest, is a conclusion that nothing short of an express statute or a binding judicial decision could justify us in adopting." "As the sovereign at common law could take by will so there is no question that under our modern law either the nation, or a State, can be a beneficiary under a will": 1 Schouler on Wills, etc., 44. "In the absence of constitutional or statutory restrictions, or provisions in the Wills Acts which exclude the government as a beneficiary, a devise to the government is valid": 1 Page on Wills 393. The validity of the gift is not dependent on whether the legislature has first authorized the receipt of property bequeathed or devised to the Commonwealth.

It is argued that the Act of May 25, 1933, P. L. 1000, 71 PS Sec. 1578, is in fact an enabling act authorizing the Commonwealth to receive property by will, and, as

such, is inapplicable here because the right of the heirs vested prior to the enactment. Appellants have misconceived the import of the Act of 1933. This is purely a procedural act providing how the property received by the Commonwealth under a will is to be handled. As no antecedent consent on the part of the legislature is required to effectuate the gift, the act has no bearing on the problem here presented.

Decree affirmed. Costs to be paid out of the estate.