## Meksras Estate

*Bernard L. Kubert,* for accountant.

SILVERSTEIN, J., March 14, 1974.—Eva Meksras died December 19, 1972, leaving a will dated July 12, 1967, and a codicil thereto dated April 3, 1968, which were admitted to probate, upon which letters testamentary were granted to the accountant on January 5, 1973, and proof of publication of the grant thereof was submitted and is annexed hereto. . . .

By her will and codicil, copies of which are annexed, testatrix, after directing the payment of her debts, expenses of last illness and funeral, devised and bequeathed as follows: $100 to Saint Casimir's Lithuanian Church for masses; she then gave the remainder of her estate to Girard Trust Bank, trustee, in trust, to pay income and principal in the trustee's sole discretion, after her sister, Anna Maria Ozellers, exhausts all of her own assets, to her said sister for life, and then to distribute the remaining balance to Saint Casimir's Lithuanian Church, 324 Wharton Street, Philadelphia, Pa.

By item Third of her will, testatrix directed her executor to take possession of her diamonds and other jewelry, together with certain enumerated pictures, and deliver same to the funeral director with instructions that the same be placed with her remains and interred in the Mausoleum in Chelten Hills, Abbey, Pa.

The accountant has requested that the aforesaid valuables be liquidated and added to the residuary estate because decedent's instructions are contrary to public policy.

The question before the auditing judge for disposition concerns a mandatory provision in the will of decedent directing that her jewelry,[1] which is of considerable value, be buried with her. The interment has already taken place and her instructions concerning the jewelry were not fulfilled and, therefore, lies the basis of the question now before me.

The Orphans' Court Division of the Common Pleas Court has exclusive jurisdiction of questions concerning control of decedent's burial,[2] so that it makes no difference whether the problem is approached as a feature of a burial or a dispositive provision of the will.

Rewriting of testator's will, the wisdom or eccentricity of the same, are not proper objectives of a judicial inquiry. A testator may dispose of his estate in any manner not contrary to law or public policy: Edge's Estate, 339 Pa. 67, 68 (1940). Since testamentary capacity is not in issue and this court has not been made aware of any illegality perpetrated by decedent's mandate, I am limited to the issue of the effect of the execution of decedent's wishes on public policy.

There being no established judicial precedent, I

---

[1] Decedent's will also directed that she be buried with certain additional items of value. Only jewelry will be discussed in this adjudication, but it is the intention of the court to extend its ruling on the jewelry to the other items.

[2] Orphans' Court Act of 1951, P. L. 1163, sec. 301(1), as amended by the Act of October 13, 1959, P. L. 1311, 20 PS §2080.301(1); now section 711(1) of the Probate, Estates and Fiduciaries Code of June 30, 1972, no. 164.

think that the question should be decided in the light of consideration appropriate to the present day.

I am of the opinion that permitting the deceased to be buried with her jewelry would create a great potential for public harm. A will once probated is public domain. Notice to the world that a grave site possesses treasure is almost certain to tempt some people and incite others to overt action in attempting to procure the same.

From the beginning of recorded civilization, man has always honored his dead. The inviolability of our cemeteries is a matter of public concern. If a practice is developed in our State to foster the burying of valuables with a deceased, our cemeteries like the tombs of the Pharoahs will be ravaged and violated. The loved ones of the deceased will experience the horror of the desecration, looting and destruction of burial grounds, heaping indignities on the memory of the dead.

Therefore, it is the finding of the auditing judge that decedent's direction to be buried with her jewelry is contrary to public policy, and such provision of the will is void. The jewelry shall be distributed as requested by the accountant. . . .

And now, March 14, 1974, the account is confirmed nisi.