DAVIS *vs.* FARGO and others.

A made a mortgage without bond to B, dated Dec. 9, 1836, for $6,520 with interest thereon, to be paid in ten years with the liberty of paying such sum within the ten years, as he might elect to pay, and which if paid at a certain bank should apply on the mortgage. There was a farther condition that A should, at the expiration of three, six, and nine years from the date of the mortgage, pay B a sum which should be equal to one year's interest of the whole mortgage money. A, soon after the execution of the mortgage, paid B nearly $800, in two payments, and after the expiration of three years, B filed a bill to collect the money claimed to be due at that time.—Held, that the payments applied upon the principal of the mortgage, to be applied at the time they were made, and not to the payment of the sums required by the mortgage to be paid three years thereafter, and that notwithstanding such payments, A was bound, at the end of three years, to pay the amount stipulated by him to be paid at such time.

THIS is a bill to foreclose a mortgage executed by Fargo to the complainant, December 29, 1836, for $6,520, without any accompanying obligation. The condition was for the payment of $6,520 with interest thereon, in ten years from date, "with the liberty " and right, however, of paying at the bank of Gene- " see, at any time within the said ten years, such " part of the said sum of $6,520, as the said party " of the first part might elect to pay which payment " made as aforesaid, and passed to the credit of the " said party of the second part in the said bank should " apply on the said indenture of mortgage," with the farther condition, also, that " the said party of the " first part, should at the expiration of three years— " at the expiration of six years—and at the expira- " tion of nine years from the date of the said mort- " gage, and at each and every time aforesaid, pay

"a sum which should be equal to the interest of "the whole of the principal sum, thereby secured for "one year." The bill states that there was paid upon said mortgage, January 2, 1837, $560 83, and June 12, 1837, $230, and claims that there is due thereon the sum of $456 40. The answer is put in by a purchaser of the mortgaged premises, and admits all the facts, but insists that the payments made should apply upon the interest that may be adjudged to be due, and denies that there was, at the time of filing the bill, any sum due upon the said mortgage.

The cause comes on for hearing upon bill and answer.

*B. Pringle & D. H. Chandler* for complainant.

*H. Gay*, for defendants.

THE VICE CHANCELLOR. It seems to be understood by the counsel, upon the argument, that the case was presented in this shape for a hearing to obtain the decision of the court upon the proper construction of the condition of the mortgage, under the facts set forth in the bill. The mortgage was dated in December, 1836, with a condition to pay $6,520 in ten years, with interest. No payment was required to be made within the ten years, except, that at intervals of every three years from the date of the mortgage, the mortgagor was to pay a sum equal to one year's interest upon the whole principal ; but there was a privilege reserved to the mortgagor, if he so elected, to pay any portion of the mortgage money, by passing it to the credit of the mortgagee in the bank of Genesee. The bill avers that in 1837, the mortgagor made two payments, but does not

Feb. 1841.

Davis
v.
Fargo and
others.

aver that it was at the place, in the manner, or at the election of the mortgagor, in pursuance of the privilege reserved to him in the condition of the mortgage. The bill claims that there is due the sum of $456 40, which is one year's interest upon the whole principal of $6,520, and which sum would be due, by the terms of the mortgage, Dec. 29th, 1839. The defendant insists that as the payments made were, so far as it appears from the bill, general and not specific, and not made in pursuance of the reservation in the condition ; and as the amount of such payments exceed the sum of $456 40, that there is nothing now due upon the mortgage. This mortgage is in effect conditioned to pay $6,520 with interest, in four installments, viz. $456 40 at the expiration of three years ; the same amount at the expiration of six years ; the same amount at the expiration of nine years ; and the balance of the principal and interest in ten years from the date, with the privilege to the mortgagor of paying any amount upon the principal which he chose, within the time, if such payment was made in a particular mode. If this was a mortgage simply for the payment of money by installments, and general payments had been made and received upon it before the first installment became due, to an amount larger than such installments, it is very clear a bill would not be sustained for the collection of such installment—it would have been paid.

The general principle is familiar, that a debtor making a payment, has a right, at the time of making it, to indicate or direct to what particular debt or obligation it shall be applied. If he fails to do this, the creditor who receives it, has a right to apply it upon

Feb. 1841.

Davis
v.
Fargo
and others.

existing claims as he shall think proper. If the payment is general and the receipt is general, and there is no specific application of it by either party, the court will make the application according to the justice and reason of the case, and generally will apply it to the indebtedness due first in point of time.

The statements in the bill make this a case of general payment, without any specific application by either party. It would have been better for the complainant, if the facts had warranted, to have averred that the payments were made at the place, in the manner, and to be applied upon the principal pursuant to the liberty given to the mortgagor in the condition of the mortgage. This averment, I apprehend, would have avoided all doubt as to the result. The mortgagee stipulated to have his money paid at particular times and in particular sums. This was his part of the bargain. It was granted as a favor to the mortgagor, to pay larger sums if he pleased—this would reduce the principal and of course diminish the interest ; but any payments made under this indulgence, would not dispense with the necessity of also making the other payments according to the instrument. The one would be made as a matter of indulgence, and was for the benefit of the mortgagee —the other could be claimed as matter of right, and was what the mortgagor had stipulated for in any event.

The difficulty here is, to know how these payments were made ; and as the pleadings give us no light, we shall have to make an application of it according to the equity of the case, and the presumptions that fairly arise from the facts. These payments were made very soon after the mortgage was executed,

60

and more than two years and a half before any money become due. There was a privilege reserved to the mortgagor, to make such payments—reserved evidently as a favor to him. This, of itself, amounts to a strong presumption that the payments were made in pursuance of this privilege. These payments, so applied, would reduce the amount of principal, and consequently the amount of interest to be eventually paid ; but if it is to be deemed that they were made for the purpose of meeting installments—one due more than two years thereafter, and one more than five years thereafter—he would, I apprehend, lose the interest upon the payments for so long a time, inasmuch as the installments to which it is asked to have them applied, did not bear interest. This strengthens the presumption that the payments were intended to be made under the privilege reserved in the mortgage, and to reduce the principal. Whatever the intentions were, it seems to me that the interest of the mortgagor at that time, and the justice of the case, would dictate that it should be so applied ; and being so applied, the consequence follows that the sum of $456 40 is now due.

There must be the usual order of reference to compute the amount due and to grow due, and ascertain the situation of the mortgaged premises.