CHARLES W. ROWLEE, as Overseer of the Poor of the Town of Volney, N. Y., Appellant, v. ALBERT A. DURFEY and Others, Respondents.

PER CURIAM. Defendant waived the objection that plaintiff did not have legal capacity to sue by failing to move within twenty days after service of the complaint. (Civ. Prac. Act, § 278; Rules Civ. Prac. rule 106.) The conclusion of law that plaintiff failed to establish defendant's default is not supported by the findings of fact. The order of reference provided that the referee should take the evidence and ascertain and report the same to the court with findings of fact and conclusions of law and compute the amount due, if any, and the amount yet to become due, if any, upon the contract set forth in the complaint, including interest thereon to the date of his report. The report fails to show the amount due or to become due, if any, or the interest thereon. (See Davis v. Fargo, 1 Clarke Ch. 470.) For these reasons the order and judgment should be reversed and a new trial ordered. Because of the small amount involved and the situation of the parties, the new trial may well be had at the Special Term or before one of the official referees. The judgment dismissing the complaint should be reversed on the law and a new trial ordered, with costs to the appellant to abide the event.

*Amd. by Laws of 1916, chap. 507. Since amd. by Laws of 1929, chap. 515.—[REP.

All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ. Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event