CHARLES W. ROWLEE, as Overseer of the Poor of the Town of Volney, N. Y., Appellant, v. ALBERT A. DURFEY and Others, Respondents.

Fourth Department, November 20, 1929.

*Don Carlos Buell*, for the appellant.

*William S. Hillick*, for the respondents.

THOMPSON, J. For himself and his successors in office plaintiff, overseer of the poor, has taken an assignment of the interest of the vendors in a land contract, and a deed of the premises, subject to the contract, to reimburse his town for expense incurred for the support and maintenance of the assignors, " now, heretofore or *hereafter*," and, alleging past due and unpaid installments, he has brought this action to foreclose. Defendants, vendees, resist the suit and assert, *first*, that plaintiff had no power or authority to take the assignment or deed; *second*, that they are not in default; and *third*, that plaintiff does not establish that he is able to give good title to the premises in case defendants shall satisfy the lien and demand a deed. Coming to Special Term on a motion by defendants to dismiss the complaint under section 278 of the Civil Practice Act and rule 106 of the Rules of Civil Practice, the parties stipulated that that motion should be withdrawn, and, on their joint consent, an order of reference to take evidence, ascertain and report, on the issue, the amount due, if any, and the amount to become due, if any, was granted.

At the hearing before the referee the plaintiff submitted his proofs and at the end of his case defendants moved for a nonsuit. On consent of the attorneys for both parties, the decision of this motion was held to be made with the decision of the whole case, with an exception to each. Thereupon defendants put in their testimony, the hearings were continued, and in due time the referee filed his report, in which he held that the defendants were entitled to judgment of nonsuit dismissing the complaint on the merits, with costs, on the ground that the " attempted " assignments of the contract and the " attempted " conveyance were void and that plaintiff had not sustained the burden of proof as to default. Thereafter on due application the Special Term confirmed the report of the referee, made its findings of fact and conclusions of law those of the court, and directed the entry of judgment accordingly. (Civ. Prac. Act, § 440.) In pursuance of the referee's report and the order confirming it, a judgment was entered by defendant dismissing the complaint, with costs against plaintiff, on April 29, 1929, and the case came to us on plaintiff's appeal from this order and judgment.

Upon the previous submission we held that defendants had waived their objection that plaintiff did not have legal capacity to sue by failing to move within twenty days after service of the complaint and that the referee's conclusion of law that plaintiff failed to establish defendant's default was not supported by the findings of fact. We, therefore, reversed the judgment dismissing the complaint on the law and ordered a new trial. (*Rowlee* v. *Durfey*, 227 App. Div. ——.) This is a reargument granted on defendant's motion (—— App. Div. ——), made upon the ground that while no question as to the capacity of plaintiff to sue was raised on the former argument, the question whether any cause of action was proven in his favor was submitted, but through some confusion of the two, the latter and real contention was not adequately presented or considered. The record discloses, and it is the position taken by both counsel in this appeal, that the judgment was one of nonsuit reserved to be decided upon submission of the whole case. We, therefore, disregard the express findings of fact.

The case of *Church* v. *Fanning* (44 Hun, 302), which it is conceded is authority for the capacity of an overseer of the poor to sue, is, as we take it, authority for the right of an overseer of the poor to acquire title in his official capacity, by assignment from a poor person of a cause of action existing in her favor. As Mr. Justice FOLLETT says in his opinion, " Had this debt been evidenced by the defendant's note, and Bridget Rice had voluntarily, without fraud or undue influence, transferred it to the overseer for the purpose of indemnity, we think he could have maintained an action thereon, and so in this case the plaintiff acquired a good title, as against the defendant, to this debt. As a general rule, all public officers (though not expressly authorized by statute) have capacity to sue commensurate with their public trusts and duties." (*Supervisor of Galway* v. *Stimson*, 4 Hill, 136; *Looney* v. *Hughes*, 26 N. Y. 516; *People* v. *Supervisors of New York*, 32 id. 477.) We find further indication of the authority of an overseer of the poor to not only take an assignment of a claim existing in favor of a poor person, but to take a deed of such person's real estate, in sections 57, 134, 135, 136 of the Poor Law, which provide for the enforcement of claims for the support of poor persons against their real or personal property or that of their relatives in a proper case, by action, and in certain cases saves to the overseer of the poor the creditor's right of redemption of real property found in sections 725, 726, 727 and 728 of the Civil Practice Act. There can be no doubt that overseers of the poor are vested with the right to take assignments of property and causes of action, and deeds of real estate from poor

persons for the purpose of contributing to the support of such person required of the town. In the enforcement and collection of a bare claim for money it might very well become necessary for the overseer to bid in real estate on sale under an execution; especially would this be probable in cases of the foreclosure of mortgages on real estate, and the redemption of real estate under section 135 of the Poor Law, *supra.*

In *Amazeen* v. *Newcastle* (76 N. H. 250) it was held that the selectmen as prudential officers had authority to accept a conveyance of land from a person who might become a public charge. In *Moultonborough* v. *Tuftonborough* (43 N. H. 316, 319) the court held that it being the duty of the poor person applying for aid to surrender what property she had, the selectmen were authorized to take a deed thereof as overseers of the poor.

In *O'Donnell* v. *Smith* (142 Mass. 505), Mr. Justice HOLMES writing, we find this significant support for the views that we hold in this case: " The deed shows that its object was to repay expenses incurred by the town for the support of the grantor as a pauper, * * * The selectmen and overseers of the poor, however limited their authority to impose burdens on the town, could accept a gift for its benefit." (See, also, *Hjelm* v. *City of St. Cloud*, 134 Minn. 343.)

In the case of *Pierce* v. *Mutual Life Insurance Co.* (215 App. Div. 756) this court held that a trustee in bankruptcy had the right to take an assignment of a life insurance policy not listed by the bankrupt as part of his estate but assigned to the trustee by the bankrupt subsequent to the adjudication, although under section 70-a of the Bankruptcy Act* the policy did not vest in the trustee. (*Burlingham* v. *Crouse*, 228 U. S. 459.)

A deed by a public official in behalf of a State is the deed of the State, although the officer is the nominal party. (*Sheets* v. *Selden*, 2 Wall. 177.) Without doubt a public official, as well as a municipality may take property both real and personal either by way of gift, bequest, assignment or deed, if the underlying purpose of such transfer is comprehended under the duties of such official or municipality. Thus we find in *Fosdick* v. *Town of Hempstead* (125 N. Y. 581) a bequest to a town for a charitable purpose is held to be invalid, the court holding that such a gift to be valid must be for " some one or all of the purposes for which the corporation was created," while in *Matter of Crane* (12 App. Div. 271) a bequest to the mayor, aldermen and commonalty of the city of New York for

---

* See 30 U. S. Stat. at Large, 565, § 70, subd. a, ¶ 5, proviso; now U. S. Code, tit. 11, § 110, subd. a, ¶ 5, proviso.— [REP.

the erection of a drinking fountain in memory of the donor is held valid, being " limited to one of the corporate purposes of the city."

The defendants call our attention to section 148 of the Poor Law which provides that the supervisor of a town *may* accept a deed of real property and sell the same after the expiration of one year for the care and maintenance of a poor person if the town board shall give its written consent to it at a regular meeting. We do not take this to be exclusive, and being in derogation of the common law, as well as precedent, we are unable to give it a construction that would take away the authority of an overseer of the poor to take a deed in a proper case. (1 McKinney's Consol. Laws, 211; *People* v. *Palmer*, 109 N. Y. 110; *Goodale* v. *Lawrence*, 88 id. 513.)

" It is not against public policy for a poor person * * * to indemnify, so far as she is able, the public authorities from expenses incurred on her account. It is not only not against public policy, but is a meritorious transaction, to be commended and not condemned. * * * It was the duty of this officer to accept * * * indemnification, * * * and * * * at common law he has a right to recover by action a chose in action so received." (*Church* v. *Fanning, supra.*)

This construction seems to be consonant with the legislative policy expressed in the recent Public Welfare Law, which will take effect generally on January 1, 1930, whereby the office of overseer of the poor is abolished and public welfare officials substituted. (See Public Welfare Law, § 2, subd. g; Id. §§ 10, 17, 125 *et seq.;* Id. §§ 130, 165–167.)

We have also redetermined that the referee's conclusion of law that plaintiff failed to establish defendant's default is not supported by the findings of fact, and that the report is defective in that it fails to show the amount due on the contract or to become due, if any, or the interest thereon. (See *Davis* v. *Fargo*, 1 Clarke Ch. 470.) Nor can we determine the amount due from the evidence.

Plaintiff had authority to take the assignment and the deed. He was rightly in court, and established the cause of action set forth in his complaint, but the amount due is uncertain. For these reasons the judgment and order should be reversed on the law and facts, and a new trial ordered, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Upon reargument, judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.