Edward S. Silver, J.
On this executrix’ final accounting, three of testatrix’ statutory distributees, her daughter and two grandchildren, have appeared and contend the testamentary provision in favor of the City of New York is in violation of section 17 of the Decedent Estate Law and is invalid to the extent that testatrix has bequeathed more than one half of her net estate to a charitable corporation.
The testatrix died on April 22,1965 leaving a will dated June 2, 1959 which was admitted to probate on April 28, 1966. Testatrix left her surviving a daughter, grandchildren and great-grandchildren. The will, after directing the payment of debts and funeral expenses and a legacy of $1 each to her daughter, other lineal descendants, and certain of their spouses, then provided: “13. All the rest, residue and remainder of my estate of whatsoever kind and wheresoever situated, I give, devise and bequeath to the city oe hew york. ’ ’ The executrix and the City of New York take the position that the named legatee is entitled to the entire residuary estate, and that the bequest does not violate the Decedent Estate Law.
Section 17 provides, in part, that not more than one half of a testator’s net estate may be devised or bequeathed “to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose ’ ’. This statutory prohibition is a limitation upon the right of a testator to dispose of his property in accordance with his own inclinations and desires, and is strictly construed against those seeking to invalidate testamentary provisions (Matter of Plaster, 266 App. Div. 439, 441, affd. 293 N. Y. 822). Thus, in Levy v. Levy (40 Barb. 585, 618, revd. on other grounds 33 N. Y. 97), a gift *956 to the people of the United States or, if Congress refused to accept it, to the people of the State of Virginia, was held not to be violative of section 1 of chapter 360 of the Laws of 1860 (present Decedent Estate Law, § 17), because such governmental bodies were not corporations within the meaning and intent of the act.
Matter of Crane (12 App. Div. 271, affd. 159 N. Y. 557) also interpreted section 1 of chapter 360 and involved a residuary gift to ‘1 the mayor, alderman, and commonalty of the city of New York, with the request that the same be expended * * ® in the erection of a drinking fountain * * * to my memory. ’ ’ In rejecting the argument that the gift abated because the residuary legacy constituted more than one half of the net estate, the Appellate Division found the bequest to be an absolute one to the city, and held that the law did not apply to ‘ ‘ the State, nor to individuals, nor to public or municipal corporations ” (p. 276). The court made clear that the danger which the act sought to guard against was the disinheritance of close relatives from pious or philanthropic motives in donating to specified types of charities which were enumerated in the statute as benevolent, charitable, literary, scientific, religious or missionary societies. It found no evasion nor attempt on testatrix’ part to elude this prohibition because the gift was to a corporation not within the statute.
In urging a construction of section 17 that would include within its scope a municipal corporation such as the City of New York, the respondents contend that since more than one half of the city’s budget expenditures are directed toward education, welfare, social services and library and museum maintenance, such activities are suEcient to establish it as a corporation whose primary functions are benevolent, charitable and literary. In this context respondents also seek to distinguish Matter of Crane {supra) on the ground that 70 years of social change have reduced it to little more than a legal relic, and that a bequest today to New York City is in effect a gift for charitable purposes. These contentions, however, are not well taken in view of the historical fact that the basic philosophic concept of the use and application of governmental power has substantially changed since the latter part of the 19th century. Whereas such activities were then considered almost entirely philanthropic in nature and were undertaken mainly by private groups, it is well recognized that today welfare and social service assistance, maintenance of libraries and museums and other humane and benevolent works are normal activities legitimately performed at every level of government (cf. General City Law, *957 § 20). Under such, circumstances, a bequest to New York City in no sense may be considered a gift to a charitable corporation, and thus the ruling in Crane remains valid and is applicable to the case at bar.
The court, therefore, finds that a municipal corporation does not fall within the scope of section 17 of the Decedent Estate Law, and accordingly holds that the City of New York is entitled to receive testatrix’ entire residuary estate pursuant to the terms of the will (2 Davids, New York Law of Wills, § 632, pp. 1050-1051; 91 C. J. S., Wills, § 110, p. 848).
Upon the submission of an affidavit of services, together with proof of service of a copy thereof upon the attorneys appearing herein, the compensation of the attorney for the executrix will be fixed.